**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ABAYOMI ADEDIJI,  # R30123,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00932-MJR** |
| | ) | |
| **LEE RYKER,** | ) | |
| **S.A. GODINEZ,** | ) | |
| **MARTIN,** | ) | |
| **DR. LITHERLAND,** | ) | |
| **DR. MEYER,  and** | ) | |
| **UNKNOWN PARTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Abayomi Adediji, an inmate in Western Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on dental care while Plaintiff was housed at Lawrence Correctional Center.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility.  *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff contends that due to cost-saving policies and practices adopted by the Illinois Department of Corrections, implemented by the defendant prison officials and medical providers, the only treatment for a mere cavity is total tooth extraction.  Treatment for cavities is therefore purposefully delayed until a minor problem turns into a major one, leaving the inmate in pain and resulting in unwanted and otherwise unwarranted loss of a tooth.  According to Plaintiff, only extractions are permitted, and dentists actually are paid an incentive for each tooth extracted.  Plaintiff relates how he has now lost five teeth due to this policy and practice.  In

particular, he premises his claim upon events occurring between March 15, 2011 and October 31, 2011, when Dr. Litherland delayed treating Plaintiff's cavity for four months and then only offered extraction as treatment.  When Plaintiff declined to have the tooth extracted, he had to wait almost four months more to see another dentist, Dr. Meyer, who explained that at that point the tooth had become infected and abscessed, requiring extraction.  Plaintiff brings suit against Director of the Illinois Department of Corrections S.A. Godinez, Warden Ryker, Health Care Administrator Martin, Dr. Litherland, Dr. Meyer, and the unidentified medical contractor that provides dental care at Lawrence Correctional Center.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into three counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **Defendants S.A. Godinez, Warden Ryker, Health Care Administrator Martin, and the unidentified medical contractor that provides dental care at Lawrence Correctional Center, created, approved or condoned a policy and practice regarding fillings and extractions that violated the Eighth Amendment;**
>
> **Count 2:** **Defendant Dr. Litherland was deliberately indifferent to Plaintiff's serious dental needs in violation of the Eighth Amendment; and**
>
> **Count 3:** **Defendant Dr. Meyer was deliberately indifferent to Plaintiff's serious dental needs in violation of the Eighth Amendment.**

### Discussion

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials violate this proscription when they act with deliberate indifference to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle*

*v. Gamble*, 429 U.S. (1976).  A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Blatantly inappropriate treatment, woefully inadequate action, or inaction can violate the Eighth Amendment.  *See Reed v. McBride*, 178 F.3d 849, 854 (7th Cir.1999).  Similarly, erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may constitute deliberate indifference.  *See Gayton*, 593 F.3d at 623; *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999).  Therefore Counts 1 and 2 state colorable Eighth Amendment claims.

Allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement for purposes of Section 1983 liability.  *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002).  "Supervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill*., 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  Also, a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right.  *Woodward v. Corr. Med. Serv. of Ill., Inc*., 368 F.3d 917, 927 (7th Cir. 2004).  *See also Jackson v. Ill. Medi–Car, Inc*., 300 F.3d 760, 766 n. 6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a Section 1983 action). Therefore, all of the named defendants, including the unidentified contract healthcare provider, appear to fall within the ambit of Section 1983.

Count 3, the Eighth Amendment claim against Dr. Meyer requires additional analysis. According to the complaint, it is undisputed that at the time Dr. Meyer examined Plaintiff, the infection and progression of decay necessitated extraction of Plaintiff's tooth. Therefore, there is no suggestion that Dr. Meyer was deliberately indifferent, delayed care, or otherwise departed from accepted medical judgment, practice or standards in treating Platiniff. Therefore, Plaintiff has failed to state a colorable claim against Dr. Meyer and Count 3 must be dismissed with prejudice. As a result, Dr. Meyer will be dismissed from this action.

### The Filing Fee

A review of the record reveals that Plaintiff has yet to pay the $400.00 filing fee or move for leave to proceed as a pauper. At the time the complaint was filed, Plaintiff indicated that he was awaiting receipt of settlement funds (*see* Doc. 2). The Court will allow Plaintiff thirty days to either pay the filing fee or file a motion for pauper status. If Plaintiff does not comply with this Order in the time allotted, this case will be dismissed with prejudice for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

### Disposition

**IT IS ORDERED** that within **THIRTY (30) DAYS** of the date of entry of this Order, Plaintiff shall either pay the $400.00 filing fee in full, or move for leave to proceed as a pauper under 28 U.S.C. § 1915 (which requires submission of a certified trust fund statement for the last six months). The Clerk of Court shall send Plaintiff the appropriate forms.

**IT IS FURTHER ORDERED** that **COUNT 3** against **DR. MEYER** fails to state a claim upon which relief can be granted, and is thus **DISMISSED** with prejudice; **DR. MEYER** is **DISMISSED** from this action, as there are no other claims against him.

Counts 1 and 2 against Defendants **LEE RYKER**, **S.A. GODINEZ**, **MARTIN**, **DR. LITHERLAND** and the **UNKNOWN PARTY** shall proceed.

**IT IS FURTHER ORDERED** that, although Plaintiff's financial status has yet to be determined, for purposes of service of summons and the complaint, the Court will direct that service be made at government expense, pursuant to 28 U.S.C. § 1915(d).  If it is later determined that Planitiff has sufficient funds, the costs of service will be taxed against him.

The Clerk of Court shall prepare for Defendants **LEE RYKER**, **S.A. GODINEZ**, **MARTIN** and **DR. LITHERLAND**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the **UNKNOWN PARTY** until such time as Plaintiff has identified that entity by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service addresses for this party.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any

documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 3, 2013**

s/ *Michael J. Reagan*
_____
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**